NANCY L. ABELL (SB# 88785)
LISA G. LAWSON (SB# 169503)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
ORACLE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

MICHEL DRISCOLL, an individual;
BRIAN CONNELLY, an individual; on
behalf of themselves and all others
similarly situated,

            Plaintiffs,

   vs.

ORACLE CORPORATION, a
corporation,

            Defendant.

CASE NO.  C 04-02390 SI

**ANSWER TO COMPLAINT**

       Defendant Oracle Corporation ("Defendant") hereby answers and pleads in response to plaintiff Michel Driscoll and Brian Connelly's complaint ("Complaint") as follows:

      1.     Answering paragraph 1, Defendant denies generally and specifically each and every allegation contained therein.

      2.     Answering paragraph 2, Defendant lacks information or belief sufficient to enable it to admit or deny the identity of all of the purported plaintiffs, and on that basis denies the allegation that "Plaintiffs are current or former Oracle Direct (formerly Internet Sales Division)

1  Inside Sale Representatives and/or Internet Response Representatives (hereinafter "Inside Sales

2  Representatives," "Internet Response Representatives," or, collectively, "plaintiffs" or "Class

3  Members") who work or have worked for defendant providing in-house sales and customer pre-

4  sales service to existing and potential Oracle customers." Except as expressly so denied for lack

5  of information or belief, Defendant denies generally and specifically the remaining allegations of

6  paragraph 2.

7          3.      Answering paragraph 3, Defendant denies generally and specifically each and

8  every allegation contained therein.

9          4.      Answering paragraph 4, Defendant denies generally and specifically each and

10  every allegation contained therein.

11          5.      Answering paragraph 5, Defendant admits that the Complaint contains a claim for

12  relief entitled "First Claim for Relief:  FLSA Claims, 29 U.S.C. § 201 et seq."  Except as

13  expressly so admitted, Defendant denies generally and specifically each and every allegation

14  contained in paragraph 5.

15          6.      Answering paragraph 6, Defendant admits that venue is proper in the Northern

16  District, that Defendant is licensed to do business and is doing business in California, and that

17  Defendant's corporate headquarters are in Redwood Shores, California.  Except as expressly so

18  admitted, Defendant denies generally and specifically each and every allegation contained in

19  paragraph 6.

20          7.      Answering paragraph 7, Defendant admits that assignment to the San

21  Francisco/Oakland Division is proper and that San Mateo County is within the San

22  Francisco/Oakland Division of the Northern District.  Except as expressly so admitted, Defendant

23  denies generally and specifically each and every allegation contained in paragraph 7.

24          8.      Answering paragraph 8, Defendant lacks information or belief sufficient to enable

25  it to admit or deny the allegation that Driscoll is a resident of San Diego, California and on that

26  basis denies that allegation.  Except as expressly so denied for lack of information or belief,

27  Defendant denies generally and specifically each and every allegation contained in paragraph 8.

28

SF/336040. 1

-2-

CASE NO. C 04-02390 SI
ANSWER TO COMPLAINT

1    9.    Answering paragraph 9, Defendant lacks information or belief sufficient to enable

2    it to admit or deny the allegation that Connelly is a resident of New Hope, Pennsylvania and on

3    that basis denies that allegation.  Except as expressly so denied for lack of information or belief,

4    Defendant denies generally and specifically each and every allegation contained in paragraph 9.

5    10.   Answering paragraph 10, Defendant admits that it is headquartered in Redwood

6    Shores, California and that it has done business and continues to do business in the Northern

7    District of California.  Defendant lacks information or belief sufficient to enable it to answer the

8    allegations pertaining to "all relevant times" and on that basis denies those allegations.  Except as

9    expressly so admitted or denied for lack of information or belief, Defendant denies generally and

10   specifically each and every allegation contained in paragraph 10.

11   11.   Answering paragraph 11, Defendant admits that it designs, develops, produces,

12   wholesales, implements, and supports software.  Defendant lacks information or belief sufficient

13   to enable it to answer the allegations pertaining to "all relevant times," and on that basis denies

14   those allegations.  Except as expressly so admitted or denied for lack of information or belief,

15   Defendant denies generally and specifically each and every allegation contained in paragraph 11.

16   12.   Answering paragraph 12, Defendant alleges that the first two sentences of this

17   paragraph consists entirely of conclusions of law, not factual allegations, and therefore require no

18   response from Defendant.  To the extent that the first two sentences of this paragraph contain any

19   factual allegations, Defendant denies generally and specifically each and every allegation

20   contained in those sentences.  Defendant admits that it has had gross operating revenues in excess

21   of $500,000.

22   13.   Answering paragraph 13, Defendant lacks information or belief sufficient to

23   enable it to answer the allegations contained therein and on that basis denies those allegations.

24   14.   Answering paragraph 14, Defendant denies generally and specifically each and

25   every allegation contained therein.

26   15.   Answering paragraph 15, Defendant denies generally and specifically each and

27   every allegation contained therein.

28

16.    Answering paragraph 16, Defendant denies generally and specifically each and every allegation contained therein.

17.    Answering paragraph 17, Defendant lacks information or belief sufficient to enable it to admit or deny the allegations pertaining to the claimed statutory basis for plaintiffs' Second, Third, Fourth, and Fifth Claims for Relief and on that basis denies those allegations. Except as expressly so denied for lack of information or belief, Defendant denies generally and specifically each and every allegation contained in paragraph 17.

18.    Answering paragraph 18, Defendant denies generally and specifically each and every allegation contained therein.

19.    Answering paragraph 19, Defendant denies generally and specifically each and every allegation contained therein.

20.    Answering paragraph 20, Defendant denies generally and specifically each and every allegation contained therein.

21.    Answering paragraph 21, Defendant lacks information or belief sufficient to enable it to admit or deny the allegations pertaining to the competency and experience of plaintiffs' counsel, and on that basis denies those allegations.  Except as expressly so denied for lack of information or belief, Defendant denies generally and specifically each and every allegation contained in paragraph 21.

22.    Answering paragraph 22, Defendant denies generally and specifically each and every allegation contained therein.

23.    Answering paragraph 23, Defendant denies generally and specifically each and every allegation contained therein.

24.    Answering paragraph 24, Defendant lacks information or belief sufficient to enable it to admit or deny the allegations contained in this paragraph and on that basis denies those allegations.

25.    Answering paragraph 25, Defendant admits that it knows the names and addresses of some of the putative Class Members.  Defendant denies that the names and addresses of the plaintiffs and some of the putative Class Members are available to it and on that basis denies

-4-

those allegations.  Defendant lacks information or belief sufficient to enable it to admit or deny the remaining allegations contained in this paragraph and on that basis denies those allegations.

26.   Answering paragraph 26, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 25 of the Complaint.

27.   Answering paragraph 27, Defendant lacks information or belief sufficient to enable it to admit or deny the allegations contained in this paragraph and on that basis denies those allegations.

28.   Answering paragraph 28, Defendant alleges that this paragraph consists entirely of conclusions of law, not factual allegations, and therefore requires no response from Defendant. To the extent that this paragraph contains any factual allegations, Defendant denies generally and specifically each and every allegation contained therein.

29.   Answering paragraph 29, Defendant denies generally and specifically each and every allegation contained therein.

30.   Answering paragraph 30, Defendant denies generally and specifically each and every allegation contained therein.

31.   Answering paragraph 31, Defendant denies generally and specifically each and every allegation contained therein.

32.   Answering paragraph 32, Defendant denies generally and specifically each and every allegation contained therein.

33.   Answering paragraph 33, Defendant denies generally and specifically each and every allegation contained therein.

34.   Answering paragraph 34, Defendant denies generally and specifically each and every allegation contained therein.

35.   Answering paragraph 35, Defendant lacks information or belief sufficient to enable it to admit or deny the allegations contained in this paragraph and on that basis denies those allegations.

CASE NO. C 04-02390 SI
ANSWER TO COMPLAINT

1     36.     Answering paragraph 36, Defendant lacks information or belief sufficient to

2   enable it to admit or deny the allegations contained in this paragraph and on that basis denies

3   those allegations.

4     37.     Answering paragraph 37, Defendant realleges and incorporates by reference its

5   responses to paragraphs 1 through 36 of the Complaint.

6     38.     Answering paragraph 38, Defendant alleges that this paragraph consists entirely of

7   conclusions of law, not factual allegations, and therefore requires no response from Defendant.

8   To the extent that this paragraph contains any factual allegations, Defendant denies generally and

9   specifically each and every allegation contained therein.

10     39.     Answering paragraph 39, Defendant alleges that this paragraph consists entirely of

11   conclusions of law, not factual allegations, and therefore requires no response from Defendant.

12   To the extent that this paragraph contains any factual allegations, Defendant denies generally and

13   specifically each and every allegation contained therein.

14     40.     Answering paragraph 40, Defendant denies generally and specifically each and

15   every allegation contained therein.

16     41.     Answering paragraph 41, Defendant denies generally and specifically each and

17   every allegation contained therein.

18     42.     Answering paragraph 42, Defendant denies generally and specifically each and

19   every allegation contained therein.

20     43.     Answering paragraph 43, Defendant denies generally and specifically each and

21   every allegation contained therein.

22     44.     Answering paragraph 44, Defendant denies generally and specifically each and

23   every allegation contained therein.

24     45.     Answering paragraph 45, Defendant denies generally and specifically each and

25   every allegation contained therein.

26     46.     Answering paragraph 46, Defendant realleges and incorporates by reference its

27   responses to paragraphs 1 through 45 of the Complaint.

28

1    47.    Answering paragraph 47, Defendant lacks information or belief sufficient to

2    enable it to admit or deny the allegations pertaining to the claimed statutory basis of plaintiffs'

3    claims for relief and on that basis denies those allegations.  Except as expressly so denied for lack

4    of information or belief, Defendant denies generally and specifically each and every allegation

5    contained in paragraph 47.

6    48.    Answering paragraph 48, Defendant denies generally and specifically each and

7    every allegation contained therein.

8    49.    Answering paragraph 49, Defendant denies generally and specifically each and

9    every allegation contained therein.

10    50.    Answering paragraph 50, Defendant alleges that the first sentence of this

11    paragraph consists entirely of conclusions of law, not factual allegations, and therefore requires

12    no response from Defendant.  To the extent that the first sentence of this paragraph contains any

13    factual allegations, Defendant denies generally and specifically each and every allegation

14    contained therein.  Defendants lack information and belief sufficient to enable it to admit or deny

15    the remaining allegations of this paragraph and on that basis denies those allegations.

16    51.    Answering paragraph 51, Defendant realleges and incorporates by reference its

17    responses to paragraphs 1 through 50 of the Complaint.

18    52.    Answering paragraph 52, Defendant denies generally and specifically each and

19    every allegation contained therein.

20    53.    Answering paragraph 53, Defendant admits that it has employed and currently

21    employees one or more employees.  Except as expressly so admitted, Defendant denies generally

22    and specifically each and every allegation contained in paragraph 53.

23    54.    Answering paragraph 54, Defendant admits that neither the California Labor and

24    Workforce Development Agency nor any of its departments, divisions, commissions, boards, sub-

25    agencies, or employees have assessed or collected penalties against Defendant for the same

26    violations, based on the same theories, alleged in the Complaint.  Except as expressly so admitted,

27    Defendant denies generally and specifically each and every allegation contained in paragraph 54.

28

CASE NO. C 04-02390 SI
ANSWER TO COMPLAINT

1    55.    Answering paragraph 55, Defendant realleges and incorporates by reference its

2    responses to paragraphs 1 through 54 of the Complaint.

3    56.    Answering paragraph 56, Defendant denies generally and specifically each and

4    every allegation contained therein.

5    57.    Answering paragraph 57, Defendant denies generally and specifically each and

6    every allegation contained therein.

7    58.    Answering paragraph 58, Defendant denies generally and specifically each and

8    every allegation contained therein.

9    59.    Answering paragraph 59, Defendant denies generally and specifically each and

10   every allegation contained therein.

11   60.    Answering paragraph 60, Defendant denies generally and specifically each and

12   every allegation contained therein.

13   61.    Answering paragraph 61, Defendant denies generally and specifically each and

14   every allegation contained therein.

15

16

17                              PRAYER FOR RELIEF

18   62.    Answering paragraphs A through L of the Prayer for Relief, Defendant denies that

19   plaintiffs are entitled to the relief requested or any relief.

20

21

22                                  DEFENSES

23                           FIRST SEPARATE DEFENSE

24   1.    The Complaint, and each purported claim for relief contained therein, fail to state a

25   claim upon which relief can be granted.

26                          SECOND SEPARATE DEFENSE

27   2.    The Complaint, and each purported claim for relief contained therein, are barred,

28   in whole or in part, by the applicable statutes of limitation, including but not limited to, California

1  Code of Civil Procedure sections 337, 338, 339, 340, California Business and Professions Code

2  section 17208, Massachusetts General Laws, Chapter 151, section 20A and Chapter 149, section

3  150,and/or 29 U.S.C. section 255.

4  <center>THIRD SEPARATE DEFENSE</center>

5      3.      Plaintiffs have failed to satisfy the prerequisites for class certification and therefore

6  cannot represent the interests of others.

7  <center>FOURTH SEPARATE DEFENSE</center>

8      4.      Plaintiffs are not appropriate class representatives of the class purportedly defined

9  in the Complaint, the existence of which is expressly denied.

10  <center>FIFTH SEPARATE DEFENSE</center>

11      5.      The types of claims alleged by plaintiffs on behalf of themselves and the alleged

12  class, the existence of which is expressly denied, are matters in which individual questions

13  predominate and therefore are not appropriate for class treatment.

14  <center>SIXTH SEPARATE DEFENSE</center>

15      6.      Any appropriate group of employees that plaintiffs purport to represent is not so

16  numerous that joinder is impracticable.

17  <center>SEVENTH SEPARATE DEFENSE</center>

18      7.      The claims alleged by plaintiffs are neither common to nor typical of those, if any,

19  of the alleged class that plaintiffs purport to represent, the existence of which is expressly denied.

20  <center>EIGHTH SEPARATE DEFENSE</center>

21      8.      Certain of the interests of the proposed class of plaintiffs are in conflict with the

22  interests of all or certain sub-groups of the members of the alleged class of persons which

23  plaintiffs purport to represent, the existence of which is expressly denied.

24  <center>NINTH SEPARATE DEFENSE</center>

25      9.      The Complaint, and each purported claim for relief contained therein, are barred

26  because plaintiffs and/or putative class members misperformed their respective duties, and failed

27  to perform those duties which Defendant realistically expected each to perform. *Ramirez v.*

28  *Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 85 Cal. Rptr. 2d 844 (1999).

<div align="center">TENTH SEPARATE DEFENSE</div>

10.    The damages, if any, of plaintiffs are barred or diminished by reason of their failure to mitigate those damages.

<div align="center">ELEVENTH SEPARATE DEFENSE</div>

11.    Plaintiffs are not entitled to any penalty award under Section 203 of the California Labor Code because, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code or the applicable wage order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code or the applicable wage order.

<div align="center">TWELFTH SEPARATE DEFENSE</div>

12.    Plaintiffs' claim under Business and Professions Code section 17200 *et seq.* is barred because plaintiffs are not seeking recovery of a quantifiable sum owed by Defendants to plaintiffs, or any of the persons plaintiffs purport to represent.

<div align="center">THIRTEENTH SEPARATE DEFENSE</div>

13.    Plaintiffs' purported claim under Business and Professions Code section 17200 *et seq.* is barred because plaintiffs cannot show an injury to competition, as distinguished from injury to themselves.

<div align="center">FOURTEENTH SEPARATE DEFENSE</div>

14.    Plaintiffs' purported claim under Business and Professions Code section 17200 *et seq.* is barred because plaintiffs cannot show a deception upon the public.

<div align="center">FIFTEENTH SEPARATE DEFENSE</div>

15.    The Business and Professions Code Section 17200 *et seq.* is unconstitutional in that, among other things, it is void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

<div align="center">SIXTEENTH SEPARATE DEFENSE</div>

16.    Plaintiffs' purported claim under Business and Professions Code section 17200 *et seq.* violates Defendant's constitutional rights to due process to the extent the claim does not

1  afford Defendant the protections against multiple suits and duplicative liability ordinarily

2  provided by class actions.

3  <center>SEVENTEENTH SEPARATE DEFENSE</center>

4      17.   Plaintiffs' claim under Business and Professions Code section 17200 *et seq.* is

5  barred to the extent that they seek anything other than restitution and injunctive relief.

6  <center>EIGHTEENTH SEPARATE DEFENSE</center>

7      18.   The Complaint, and each alleged claim for relief contained therein, are barred in

8  whole or in part by plaintiffs' agreement and consent to the compensation system that is the

9  subject of the Complaint.

10  <center>NINETEENTH SEPARATE DEFENSE</center>

11      19.   Plaintiffs' claim for pre-2004 penalties under the Private Attorney General Act of

12  2004 is barred on the ground that this Act may not be given retroactive application.

13  <center>TWENTIETH SEPARATE DEFENSE</center>

14      20.   Plaintiffs' claim for waiting time penalties under California Labor Code sections

15  203 and 204 is barred to the extent it seeks an award of penalties beyond the one-year limitation

16  period contained in Code of Civil Procedure section 340(a), and is also barred to the extent it

17  seeks interest, attorneys' fees, restitution and/or Private Attorney General Act penalties, on the

18  ground that Labor Code sections 203 and 204 create a penalty rather than a claim for unpaid

19  wages.

20  <center>TWENTY-FIRST SEPARATE DEFENSE</center>

21      21.   California Labor Code Section 2699 is unconstitutional in that, among other

22  things, it is void for vagueness, violative of equal protection, violative of due process, an undue

23  burden upon interstate commerce, and violative of the freedom of contract.

24  <center>TWENTY-SECOND SEPARATE DEFENSE</center>

25      22.   Plaintiffs, by reason of their conduct and actions, are estopped from asserting their

26  Complaint and each purported claim for relief contained therein.

27

28

1

## TWENTY-THIRD SEPARATE DEFENSE

2      23.   Plaintiffs, by reason of their conduct and actions, have waived their rights to assert

3   the allegations contained in the Complaint and each purported claim for relief contained therein.

4

## TWENTY-FOURTH SEPARATE DEFENSE

5      24.   The Complaint, and each purported claim for relief contained therein, are barred

6   by the doctrine of laches.

7

## TWENTY-FIFTH SEPARATE DEFENSE

8      25.   The Complaint, and each purported claim for relief contained therein, are barred

9   by the doctrine of unclean hands.

10

## TWENTY-SIXTH SEPARATE DEFENSE

11      26.   Plaintiffs' claim for injunctive and other equitable relief is barred because

12   Plaintiffs have an adequate and complete remedy at law.

13

## TWENTY-SEVENTH SEPARATE DEFENSE

14      27.   Any act(s) or omission(s) by Defendant that may be found in violation of the rights

15   afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for

16   believing that Defendant was in full compliance with the FLSA.

17

## TWENTY-EIGHTH SEPARATE DEFENSE

18      28.   The putative group of plaintiffs (the existence of which is expressly denied) cannot

19   proceed collectively under 29 U.S.C. section 216(b) because they are not similarly-situated.

20

## TWENTY-NINTH SEPARATE DEFENSE

21      29.   Plaintiffs lack standing to raise some or all of the claims of the alleged group of

22   persons that they purport to represent, the existence of which is expressly denied.

23

## THIRTIETH SEPARATE DEFENSE

24      30.   The Complaint is barred because plaintiffs, and the alleged group of person they

25   purport to represent, the existence of which is expressly denied, are exempt from state and federal

26   overtime requirements.

27

28

1

**THIRTY-FIRST SEPARATE DEFENSE**

2     31.   Because liability and/or damages, if any, to each member of the group that

3 plaintiffs purport to represent, the existence of which is expressly denied, may not be determined

4 by a single jury or on a group-wide basis, allowing this action to proceed as a collective action

5 would violate Defendant's rights under the Seventh and Fourteenth Amendments of the U.S.

6 Constitution.

7

**THIRTY-SECOND SEPARATE DEFENSE**

8     32.   Some or all of the disputed time for which plaintiffs seek recovery of wages

9 purportedly owed is not compensable pursuant to the *de minimis* doctrine.

10

**THIRTY-THIRD SEPARATE DEFENSE**

11     33.   The claims of plaintiffs and/or members of the group they purport to represent, the

12 existence of which is expressly denied, are barred by the provisions of the Portal-to-Portal Act, 29

13 U.S.C. section 254, as to all hours during which plaintiffs and/or members of the alleged class or

14 group of persons they purport to represent were engaged in activities that were preliminary or

15 postliminary to their principal activities.

16

**THIRTY-FOURTH SEPARATE DEFENSE**

17     34.   The Complaint is barred to the extent that plaintiffs, or the members of the putative

18 group of persons they purport to represent, have released Defendant from any claims they may

19 have against it.

20

**THIRTY-FIFTH SEPARATE DEFENSE**

21     35.   To the extent that plaintiffs, or the members of the putative group of persons they

22 purport to represent, have agreed to arbitrate any or all of the claims they have asserted in the

23 Complaint, the Complaint violates that agreement, the Complaint (i) should be dismissed and/or

24 (ii) the Complaint should be stayed, and plaintiffs and the members of the putative group of

25 persons they purport to represent should be compelled to arbitrate.

26

27

28

1    Wherefore, Defendant prays for judgment as follows:

2    1.    That plaintiffs take nothing by reason of the Complaint;

3    2.    That the Complaint be dismissed in its entirety with prejudice;

4    3.    That judgment be entered in favor of Defendant and against plaintiffs;

5    4.    That collective and class action status be denied or, in the alternative, that all

6    collective and class claims against Defendant be dismissed with prejudice;

7    5.    That Defendant be awarded its reasonable costs and attorneys' fees; and

8    6.    That Defendant be awarded such other further relief that the Court deems just and

9    proper.

10

11   DATED:  September 13, 2004              NANCY L. ABELL
                                             LISA G. LAWSON
12                                           PAUL, HASTINGS, JANOFSKY & WALKER LLP

13

14                                     By:    /s/
                                                   LISA G. LAWSON
15
                                       Attorneys for Defendant
16                                     ORACLE CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2          I am a citizen of the United States and employed in San Francisco County,

3   California. I am over the age of eighteen years and not a party to the within-entitled action. My

4   business address is 55 Second Street, Twenty-Fourth Floor, San Francisco, California  94105-

5   3441. On September 13, 2004, I caused a true and correct copy of the **ANSWER TO**

6   **COMPLAINT** to be personally served in a sealed envelope addressed as follows upon:

7
        Cliff Palefsky, Esq.                    Telephone:  (415) 421-9292
8       Sharon Vinick, Esq.                     Facsimile:  (415) 403-0202
        McGuinn, Hillsman & Palefsky
9       535 Pacific Avenue
        San Francisco, CA 94133
10

11  and a **courtesy** facsimile copy to be served as follows upon:

12      Christina Djernaes, Esq.                 Telephone:  (805) 685-8189
        L/O Christina Djernaes                   Facsimile:  (805) 456-0200
13      1215 De La Vina Street, Suite K
        Santa Barbara, CA 93101
14

15

16          I declare that I am employed in the office of a member of the bar of this court at

17  whose direction the service was made.

18          Executed on September 13, 2004, at San Francisco, California.

19

20                                              Patricia A. Lawson

21

22

23

24

25

26

27

28
        SF/337617.2

ANSWER TO COMPLAINT
CASE NO.C-04-02390 SI