| | |
|---|---|
| 1 | CLIFF PALEFSKY (State Bar No. 77683)<br>MCGUINN, HILLSMAN & PALEFSKY |
| 2 | 535 Pacific Avenue<br>San Francisco, CA 94133 |
| 3 | (415) 421-9292<br>uroy2@aol.com |
| 4 | |
| 5 | MICHAEL RUBIN (State Bar No. 80618)<br>REBEKAH B. EVENSON (State Bar No. 207825) |
| 6 | ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN<br>177 Post Street, Suite 300 |
| 7 | San Francisco, CA 94108<br>mrubin@altshulerberzon.com |
| 8 | revenson@altshulerberzon.com |
| 9 | CHRISTINA DJERNAES (State Bar No. 177522)<br>LAW OFFICE OF CHRISTINA DJERNAES |
| 10 | 1214 De La Vina Street, Suite K<br>Santa Barbara, CA 93101 |
| 11 | (805) 685-8189<br>christina@djernaeslaw.com |
| 12 | Attorneys for Plaintiffs |
| 13 | NANCY L. ABELL (State Bar No. 88785)<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 14 | 515 South Flower Street, Twenty-Fifth Floor<br>Los Angeles, CA 90071-2228 |
| 15 | Telephone: (213) 683-6000<br>nancyabell@paulhastings.com |
| 16 | Attorneys for Defendant Oracle Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL DRISCOLL, an individual; BRIAN CONNELLY, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ORACLE, INC., a corporation,<br><br>Defendant. | Case No. C04-2390<br>Class Action<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, CERTIFYING CLASS ACTION AND DISMISSING ACTION WITH PREJUDICE**<br><br>Date: October 14, 2005<br>Time: 9:00 a.m.<br>Courtroom: 10<br>Judge: The Hon. Judge Susan Illston |

The parties in this action having entered into a Settlement Agreement dated May 21, 2005 and having applied to this Court for preliminary and final approval of the Settlement Agreement and the terms thereof; this Court on May 27, 2005 having granted preliminary approval to the Settlement Agreement and having directed notice of the Settlement Agreement, its terms, and the applicable procedures and schedules to be provided to proposed class members and prospective Fair Labor Standards Act ("FLSA") opt-in plaintiffs; the parties having revised the Settlement Agreement on September 23, 2005 to describe more accurately the procedures for calculating individual settlement amounts and to add 147 additional plaintiffs; this Court having set a final Fairness Hearing for October 14, 2005 to determine whether the Revised Settlement Agreement should be approved as fair, adequate and reasonable; all parties through their respective counsel and defendant through its counsel having been given an opportunity to participate in the Fairness Hearing, and all prospective FLSA plaintiffs and class members having been given an opportunity to file objections or to opt out of the settlement; and for good cause shown,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, upon consideration of the Revised Settlement Agreement, the parties' and counsels' pleadings, declarations, exhibits and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. The Court for purposes of this Final Order and Judgment adopts all defined terms set forth in the Revised Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the plaintiffs and the defendant.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Classes are hereby certified, to consist of:

    a. All current or former employees who work or worked for Oracle Direct

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, CERTIFYING CLASS
ACTION AND DISMISSING ACTION WITH PREJUDICE     Case No. 3-04-CV-2390 SI

1

(formerly Internet Sales Division) in a Covered Job Code within Oracle Direct, providing in-house sales and customer pre-sales service to existing or potential Oracle customers at any time on or after June 19, 1999 and before July 1, 2004 in California ("California Class"); and

  b. All current or former employees who work or worked for Oracle Direct (formerly Internet Sales Division) in a Covered Job Code within Oracle Direct, providing in-house sales and customer pre-sales service to existing or potential Oracle customers at any time on or after June 19, 2001 and before July 1, 2004 in Massachusetts ("Massachusetts Class");

and;

4. This action is further certified as an FLSA collective action on behalf of all current or former employees who work or worked for Oracle Direct (formerly Internet Sales Division) in a Covered Job Code within Oracle Direct, providing in-house sales and customer pre-sales service to existing or potential Oracle customers at any time on or after June 19, 2000 and before July 1, 2004 at any Oracle Direct work location in California, Massachusetts, Virginia, or Florida.

5. The Notice given to plaintiffs, pursuant to this Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Fair Labor Standards Act, due process, the United States Constitution and any other applicable law.

6. The two named Class Representatives, Brian Connolly and Michel Driscoll, are adequate representatives of the Classes.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Settlement Agreement and finds that it is fair, reasonable, and adequate in all respects, in light of the complexity, expense and likely duration of further litigation, the investigation conducted, and the risk and difficulties associated with the litigation. This Court further finds that the Settlement Agreement is the result of arms'-length negotiations

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, CERTIFYING CLASS ACTION AND DISMISSING ACTION WITH PREJUDICE  Case No. 3-04-CV-2390 SI

2

between experienced counsel representing the interests of the plaintiffs and defendant. There have been no objections to the Settlement Agreement, and two requests for exclusion. The Settlement Agreement shall be implemented in accordance with its terms.

8. The mechanisms and procedures set forth in the Settlement Agreement filed with the Court on May 21, 2005, as revised by the Revised Settlement Agreement filed with the Court on September 23, 2005, by which payments are to be calculated and made to plaintiffs filing timely claims, are fair, reasonable and adequate as to said plaintiffs, and payment shall be made to plaintiffs according to those allocations and pursuant to the procedure set forth in the Settlement Agreement.

9. The Complaint filed in this action and all claims contained therein, are dismissed in their entirety with prejudice as to all Class Representatives and Class Members and FLSA Opt-in Plaintiffs, to the extent provided and under the conditions set forth in the Revised Settlement Agreement.

10. Upon the Settlement Effective Date as defined in the Revised Settlement Agreement, all Released Claims are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the release set forth in the Revised Settlement Agreement.

11. The award of $2,239,195.95 to plaintiffs' counsel for common fund fees and costs is approved. That sum, which is less that 17.43% of the common fund, was achieved as the result of arms-length negotiations, and provides fair and reasonable compensation of plaintiffs' counsel for their successful vindication of class members' and FLSA plaintiffs' rights, taking into account the quality, nature and extent of counsel's efforts, the excellent results they achieved, the costs incurred and expected to be incurred, the benefits to the class and to the judicial system resulting from counsels' successful efforts to accomplish these results through settlement, and the hundreds of future hours plaintiffs' counsel anticipate being required to spend on implementing and

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, CERTIFYING CLASS
ACTION AND DISMISSING ACTION WITH PREJUDICE        Case No. 3-04-CV-2390 SI

3

enforcing the Settlement Agreement.

12. The awards of $12,500 in enhancements each to named plaintiffs Michel Driscoll and Brian Connelly are approved. That sum reasonably compensates the named plaintiffs for their time and efforts, the risks they undertook on behalf of the class, and in consideration of the public policy encouraging individuals to come forward and perform their civic duty in protecting the rights of the class.

13. The court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

DATED: 10/14/05



HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, CERTIFYING CLASS ACTION AND DISMISSING ACTION WITH PREJUDICE    Case No. 3-04-CV-2390 SI

4