IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHEL DRISCOLL, et al.,

          Plaintiffs,

  v.

ORACLE CORPORATION,

          Defendant.
                                     /

No. C 04-02390 SI

**ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE CLASS SETTLEMENT**

Now before the Court is plaintiffs' motion to enforce the class settlement in this matter. Plaintiffs bring this motion as to two plaintiffs, Kimberly Daniels and Carter Coleman, that Oracle has refused to pay, claiming it never received their claim forms. Daniels and Coleman assert that they submitted claim forms before the December 28, 2005, deadline, and contend that their forms were lost in the mail. For the following reasons, the Court GRANTS plaintiffs' motion.

The primary dispute between the parties is over the meaning of the settlement agreement, which provides that a claim must be "postmarked no later than seventy-five calendar (75) days after the Settlement Effective Date" in order to be paid. Evenson Decl., Exh. 3 at ¶ 13. Plaintiffs contend that this provision is satisfied if a claimant mailed a claim form before the deadline, even if that claim form was never received by Oracle. Oracle, on the other hand, argues that a claimant must produce an actual postmarked claim form to prove that he timely submitted his claim.

The Court agrees with plaintiffs that the settlement agreement's use of the term "postmarked" signifies that a claimant need only have mailed the claim form before the deadline to receive her share of the settlement. Had Oracle desired to limit its liability to those plaintiffs from whom it actually received claim forms, it could easily have inserted language to that effect into the settlement agreement.

1   Indeed, at oral argument Oracle acknowledged that evidence of a postmark is all that the class settlement
2   requires. While its brief suggests that a receipt for registered mail, certified mail, or a certificate of
3   mailing would be adequate proof that a claim form was submitted, *see* Def. Oppo. Br. at 9-10, that is
4   not the only form evidence of a postmark may take.

5   The Court finds that the declarations submitted by both claimants are sufficient to establish that
6   they mailed their claim forms in a timely fashion. Both claimants have sworn under penalty of perjury
7   that they mailed their claim forms before the December 28, 2005, deadline. Oracle argues that such a
8   sworn declaration should not be sufficient, pointing out that any class member could submit such a
9   declaration at any point, destroying the certainty that Oracle bargained for. At oral argument, however,
10  class counsel represented to the Court that there would be no further plaintiffs submitting claim forms.
11  Class counsel based this representation on the fact that no plaintiff other than the two involved in this
12  motion had contacted class counsel to ask if their claim forms were received. The Court agrees with
13  class counsel that no other plaintiffs will be entitled to recover from the class fund henceforth based on
14  analogous declarations: Any plaintiff who came forward at this late juncture, claiming for the first time
15  to have mailed in a claim form six months ago, would simply not have exercised sufficient diligence in
16  pursuing his claim to be credible.[1]

17  Finally, at oral argument defense counsel pointed out that she had not had the opportunity to
18  depose the two claimants at issue in this motion. The Court agrees that if defense counsel wishes to
19  have that opportunity, it should be provided to her. Accordingly, the Court will allow defense counsel
20  to depose Daniels and Coleman. If she elects to conduct their depositions, she may move this Court for
21  reconsideration of this order. **Defense counsel must inform class counsel by July 14, 2006, whether**
22  **or not she will depose Daniels and Coleman.**

---

[1] Thus, the Court rejects defense counsel's suggestion at oral argument that class counsel's concession that no further claims will be submitted somehow violates counsels' ethical duties to their clients.

2

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion (Docket No. 67).

**IT IS SO ORDERED.**

Dated: June 30, 2006

SUSAN ILLSTON
United States District Judge